Pedro Fernández Reyes, demandante y apelante, *v.* Ramón González Betancourt, demandado y apelado.

No. 5163 *

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF

En la demanda en este caso se aducía que el demandante tenía la posesión material y el disfrute continuo de un camino que se hallaba dentro de la propiedad del demandado; que el demandante viajaba por dicho camino con toda clase de vehículos y que el mismo fué construído y preparado por él con su propio peculio y que en ningún tiempo y en modo alguno se había desprendido de tal derecho. Se quejó de una perturbación y solicitó un auto de *injunction,* conocido anteriormente con el nombre de interdicto.

La palabra "derecho" quizá fué usada inadvertidamente. No obstante, a mi modo de ver es claro que el único derecho que una persona puede tener en un camino de esa clase surge de la existencia de una servidumbre.

El demandado trató de demostrar que no existía tal servidumbre y la corte inferior permitió semejante prueba. Esta corte revocó la sentencia de la corte de distrito fundándose en que en un procedimiento de *injunction* para recobrar la posesión lo único que podía discutirse era la posesión como cuestión de hecho; que las cuestiones relativas al derecho o título con que una persona poseía no eran propias de tal procedimiento.

Las decisiones de esta corte hasta ahora habían sostenido meramente que en casos para recobrar la posesión de terreno era suficiente probar la tenencia del terreno mismo y que todas las cuestiones de título necesariamente debían diferirse. Tal vez la razón fundamental fué que en pleitos para recobrar la posesión de una cosa o propiedad de que uno se veía privado, la mera posesión crea una presunción de título y que no es necesario ir más allá. En tales casos

---

* Nota: Véase la opinión de la mayoría en el Tomo 42 D.P.R. 726 y la nota del repórter al pie de la página 970 de dicho Tomo.

las cortes dejan que las partes posteriormente discutan la existencia del título. La posesión y el título son conceptos separables y la posesión puede ser probada independientemente. Sostengo que no existe tal concepto separable al hablarse de servidumbre.

El artículo 536 del Código Civil define la servidumbre como sigue:

"La servidumbre es un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño."

Por consiguiente, una servidumbre, calificada por el derecho inglés como un bien incorpóreo (*incorporeal hereditament*), es necesariamente una cosa intangible. Si bien signos aparentes pueden indicar la existencia de una servidumbre, tales signos o señales son frecuentemente consistentes con la no existencia de la servidumbre.

El artículo 433 del Código Civil provee que:

"Posesión natural es la tenencia de una cosa o el disfrute de un derecho por una persona. Posesión civil es esa misma tenencia o disfrute, unidos a la intención de haber la cosa o derecho como suyos."

Conforme se define, en toda la sección el legislador ha hablado de la tenencia de una cosa o del disfrute de un derecho—división cabal. Cuando alguien radica un *injunction* para recobrar la posesión de una cosa, de una finca, por ejemplo, debe probarse la existencia de ese terreno, de lo contrario no puede haber prueba de posesión. De igual modo para probar la tenencia de un derecho este último debe ser probado. Es inútil hablar de tener la posesión de un derecho sin demostrar la existencia de tal derecho. Debe existir la posesión de algo. Y permítaseme repetir que la posesión es definida por el artículo 433, *supra,* como la tenencia de una cosa o de un derecho. Una servidumbre es necesariamente sólo un derecho, o según la define el código, el disfrute de un derecho. Por tanto, no importa cuán difícil sea, un querellante debe probar la existencia del *res* cuya posesión él haya

alegado tener. Cuando hablamos de la posesión de un te-
rreno, el *res* es el terreno; cuando hablamos de la posesión
de un derecho, el *res* es el derecho mismo.

El derecho a utilizar el *injunction* para recobrar el uso de
una servidumbre fué impugnado. No obstante, la Corte Su-
prema de España en dos decisiones citadas en la opinión de
la mayoría resolvió que podía utilizarse el recurso para im-
pedir una perturbación del derecho de servidumbre. En el
caso No. 349, resuelto el 31 de diciembre de 1879, tomo 4,
Jurisprudencia Civil, pág. 523, la corte consideró que ciertas
objeciones carecían de fundamento "porque bajo el nombre
de posesión se entiende comprendida la cuasi posesión para
los efectos de esta clase de interdictos, en los cuales se re-
suelve una cuestión de orden público que del propio modo
se afecta a uno por mano propia de la cosa corporal que
posee, como de un derecho de servidumbre que ejercita o
cuasi posee." En el caso No. 338 de julio 11, 1881, tomo 47,
Jurisprudencia Civil, pág. 100, la corte se expresó en idénticos
términos. En cada uno de estos casos, a mi modo de pensar,
la corte decidió que podía probarse la tenencia de un derecho
o *quasi* derecho para remover obstáculos o algo similar, pero
en ninguno de dichos casos he hallado nada que sostenga que
la tenencia de una servidumbre pueda ser probada indepen-
dientemente del derecho en sí.

En la opinión de la mayoría al referirse al artículo 433
(erróneamente citado como 443) la corte dice que la posesión
o tenencia del uso de una servidumbre podía ser objeto de
un *injunction* para recobrar la posesión. En esta frase la
corte habla de una palabra que no figura en el Código Civil,
o sea, la palabra "uso". Sostengo que no existe tal cosa
como la tenencia del uso de una servidumbre a diferencia de
la posesión de la servidumbre. La idea de la Corte Suprema
de España fué proteger el predio dominante y permitir al
dueño del mismo preservar o recobrar su derecho de servi-
dumbre en caso de que hubiese sido perturbado en el mismo.
Tratándose de terrenos, según ya he indicado, la tenencia

puede ser probada fácilmente. En el campo de las servidumbres tal posesión es imposible de probar sin establecerse la existencia de un derecho.

El artículo 433, *supra,* es el primero de una serie de artículos que aparecen bajo el título V, capítulo I, del Código Civil. relativos a la posesión. Un número de esos artículos en mi opinión sostienen las conclusiones a que he llegado, y especialmente el artículo 439, que lee así: "Sólo pueden ser objeto de posesión las cosas y derechos que sean susceptibles de apropiación." En otras palabras, sostengo que la posesión objeto de la opinión de la mayoría queda excluída por la fraseología de este artículo.

En su consecuencia, me parece que la corte inferior estuvo justificada al admitir prueba al efecto de que el demandante se hallaba en la finca del demandado por mera tolerancia.